## LOTZ *v.* LOTZ.

1. DIVORCE—CUSTODY OF CHILDREN.

Custody of children awarded to mother, now in California, by
decree of divorce to father on his cross bill, is not disturbed
on appeal in the absence of a showing that she is not a
fit person to have their custody or that the home surround-
ings or circumstances of the parties are such that the in-
terests of the children, both under 12 years of age, be best
served by taking their custody from her and husband is
awarded their custody during month of July each year.

2. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES—
MODIFICATION OF DECREE.

Claim that plaintiff wife should be adjudged in contempt of
court for failure to return children of the parties to Michi-
gan pursuant to order of the court in 1948, being moot, is
not discussed where decree of court ordered their return for
month of July each year beginning in 1949 and any change
of circumstances since entry of such decree may be brought
before court by a petition to modify the decree.

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur, Divorce and Separation, §§ 673–675.
[2]  3 Am Jur, Appeal and Error, § 824; 14 Am Jur, Courts, § 49.
[3]  17 Am Jur, Divorce and Separation, § 241 *et seq.*
[4]  17 Am Jur, Divorce and Separation, §§ 693, 699.
[5]  17 Am Jur, Divorce and Separation, § 445.

3. SAME—NEVADA DECREE—JURISDICTION.

Decree of Nevada court granting divorce to plaintiff wife and custody of their two children, both under 12 years of age, is not recognized by Michigan court, where previously a suit for divorce had been instituted by the wife in this State and in which defendant filed a cross bill for divorce prior to commencement of proceedings in Nevada.

4. SAME—SUPPORT OF CHILDREN—TRANSPORTATION.

The needs of minor children under 18 years of age for support and maintenance, and the responsibility of their father to contribute toward such expense, does not cease merely because the children are in California in the custody of the mother, hence, where need for their support by him and his ability to pay is shown, provision of decree requiring him to pay $12 per week while in her custody and half of actual cost of transportation to this State once annually for his custody and visitation was equitable.

5. SAME—RECORDING OF DECREE.

A decree of divorce providing for a sale of the real estate owned by the parties is ordered amended to provide for recording of decree in event plaintiff wife should fail or refuse to execute a conveyance of such real estate as provided in the decree.

Appeal from Allegan; Spier (James E.), J. Submitted April 11, 1950. (Docket No. 48, Calendar No. 44,659.) Decided May 18, 1950.

Bill by Ruth E. Lotz against Gerhardt L. Lotz for divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed and remanded for provision for recording decree in lieu of deed.

*Rex W. Orton,* for plaintiff.

*Frank F. Ford,* for defendant.

BOYLES, C. J. April 26, 1949, a decree was entered granting the defendant a divorce on his cross bill. The granting of the divorce is not contested here,

but the defendant on this appeal seeks to set aside certain provisions of the decree granting custody of minor children to the plaintiff and imposing certain conditions on defendant's right of visitation, and also to set aside the allowance for the support of the minors.

The decree became final when entered on April 26, 1949, by special provision therein under Court Rule No 51, § 6(b), adopted October 13, 1947. At that time the children were of the age of 8 and 4½ years, respectively. The bill of complaint was filed May 20, 1947, and defendant filed his cross bill January 20, 1948. In the meantime the plaintiff had moved to California, where her parents resided, taking the children. They are still there. The decree makes a specific finding and order as follows:

"It further appearing from the testimony that both parties are proper and competent persons to have the custody of the minor children of the said parties."

"It is further ORDERED, ADJUDGED AND DECREED, that said plaintiff, Ruth E. Lotz, shall have the care, custody and control of John Murrell Lotz and Jill Kay Lotz, the minor children of said marriage, and that said children may remain with said plaintiff, Ruth E. Lotz, until the further order of this court; provided, however, that the said plaintiff, Ruth E. Lotz, shall return both the said minor children from the State of California to the State of Michigan on July 1, 1949 and shall have and produce said minor children in this court on July 1, 1949 and that said defendant shall have the custody of the said minor children during the month of July, 1949 and during the month of July every year thereafter and that said minor children shall be returned to plaintiff on August 1, 1949 and on August 1st of each year thereafter and that any actual expense of railroad or bus fare for transportation of said 2 children shall be paid equally between the parties hereto."

There is no showing in the record that the plaintiff is not a fit person to have the custody of the children, or that the home surroundings and circumstances of the parties are such that the interests of the children would best be served by taking their custody from the mother. Under those conditions, the decree as to custody is affirmed.

Appellant complains that the decree granting custody to the plaintiff, providing that the plaintiff shall return the children to Michigan on July 1, 1949, and each July 1st thereafter, giving to defendant the custody during July of each year, substantially deprives the defendant of all right of visitation. In that connection the appellant refers to certain happenings between the time when the first opinion was filed by the court in 1947 and the date when the decree was entered, April 26, 1949. The court's final opinion filed in July, 1948, announced that the provision as to the right of the defendant for custody or visitation should not begin until 1949. The decree, entered April 26, 1949, operated *in futuro* as to custody and visitation. There had been some prior difficulty encountered by the defendant in obtaining the return of the children to Michigan. Further complicating the situation, the plaintiff had sought and obtained a decree of divorce in Nevada, in July, 1948,* granting her the custody of the children.† Appellant's present claim that the court should have adjudged the plaintiff in contempt of court for failing to return the children to Michigan in 1948, as then ordered by the court, is now moot. There is nothing now before us involving any claim of a failure to comply with the provisions of the decree as to the right of visitation in July, 1949, after the decree was entered. However, any change

_____

* Proceedings in Nevada were commenced in March, 1948.—Reporter.

† This decree was not recognized in the instant case.

of circumstances since the decree was entered, involving the custody of the children, may be brought before the trial court by a petition to modify the decree as change in circumstances may require.

Appellant claims that the court should not have required him to pay $12 per week for the support of the children while they are in California. The record plainly establishes the need of the children for an allowance from the defendant for support and maintenance, and his ability to pay. The needs of minor children under 18 years of age for support and maintenance, and the responsibility of their father to contribute toward such expense, does not cease merely because the children are in California in the custody of their mother. Nor do we find anything in the record which makes it inequitable to require the appellant to share equally in the actual cost of transportation of the 2 children to Michigan for his custody and visitation in July of each year.

Finally, appellant insists that the decree should contain a provision that in the event the plaintiff should fail or refuse to execute a deed of conveyance of the real estate as provided in the decree, the decree might be recorded with like force and effect. We are in accord with the claim. The decree provides for a sale of the real estate owned by the parties. It should provide for recording the decree with the like effect of a deed. The case will be remanded to the circuit court for entry of an addition to the decree in that respect. Otherwise, the decree will be affirmed, with costs to the appellee.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.