## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Betty Lucille Duck (Bechtler)

   v.

Milton Arvid Duck

By JUDGE A. CHRISTIAN COMPTON

May 4, 1970

This suit is before the court upon the defendant's motion to reduce payments for the support of the infant child of the parties (a girl age twelve years), which motion the court doth deny.

The evidence heard on April 27, 1970, consists of the testimony of the defendant who stated that the plaintiff mother and her present husband had moved during February of this year from their residence in the Richmond area to Sarasota, Florida, taking the child of the parties to this suit with them. The defendant testified that he was notified of the intended move, which he understands to be a permanent one, by a telephone call from the plaintiff at 10:30 p.m. on a Friday before they moved the following Tuesday. The defendant also stated that the plaintiff has refused to bring the child back to Virginia so that he can exercise his visitation rights granted him in the final divorce decree of March 12, 1964, wherein the plaintiff was granted a divorce from the defendant on the ground of constructive desertion. The portion of that decree which provides for custody, support and visitation states as follows:

It is further ORDERED that the custody of Sandra Lynn Duck, infant child of the parties hereto, be, and the same is hereby, awarded to the plaintiff, with leave being granted to the defendant to see and visit said child or have said child visit with him at his home or other proper place, on Saturday and Sunday of every other week from 6 P.M. Friday to 6 P.M. Sunday, with reasonable notice of his intent to exercise such rights to the plaintiff and any other time agreeable to the parties, and for a two week period during the summer school vacation to coincide with the vacation of the defendant; it is further ORDERED that the defendant do may the plaintiff for the care, support and maintenance of the said child the sum of Twenty-five Dollars per week, said payment to be made not later than Monday of each week.

The defendant asserts that he is unable to go to Florida regularly to exercise his visitation rights and asks the court to give him "some relief" from his duty to pay support because of the plaintiff's action in denying him his right of visitation. The defendant does not rely upon any change of financial circumstances as a basis of his request for reduction of the support payments but relies solely upon the denial of his right of visitation.

Although there is a conflict of authority on the question, it is generally held that "if a decree grants custody of a child to a parent who resides within the jurisdiction of the court, but the decree is silent concerning the place where the child is to live, the custodian may, in the absence of a statute to the contrary, remove the child from the state." 24 Am. Jur. 2d, *Divorce and Separation*, Section 797, p. 905. See also 2 *Nelson on Divorce* (1961 Revised volume), Section 15.26, p. 279, ftn. 96. But there is authority which states that where the decree grants custody to the mother and allows the father, as in this case, the right to have the child with him on alternate weekends, the necessary implication of the order is that the mother shall not move the child to another state, and where she moved the child to a distant state with the intent of depriving the father

of his right of visitation, the mother is guilty of contempt of court. 24 Am. Jur. 2d, p. 907, ftn. 15. The court expresses no opinion on this proposition as it applies to this case, because the question of contempt is not before the court.

The duty of the father to support the child continues even though the mother is residing with the child in another jurisdiction. This duty was recognized by our legislature when it adopted the Uniform Reciprocal Enforcement of Support Act which states in part that "The duty of support imposed by the laws of this State . . . bind the obligor (father) regardless of the presence or residence of the obligee (child)." Code, Section 20-88.15. This duty continues even though visitation by the father with the child is rendered difficult in view of the distance involved. See also *Darnell* v. *Barker*, 179 Va. 86, 94 (1942). It therefore follows in this case that the mere interruption of the father's visitation privileges without more should not result in the reduction of support payments. The practical effect of such a conclusion would be to penalize the child in its right to the benefit of the support money for the action of the mother in removing it from this State.

July 21, 1970

This suit is before the Court at this time upon the Rule issued to the mother of the child of the parties wherein the father asserts that she has denied him his rights of visitation. At the hearing, the matter resolved itself into a request by the father for a change in the rights of visitation inasmuch as the child now resides with her mother, who has remarried, in Sarasota, Florida. It is now not possible that the visitation rights as set forth in the decree of March 12, 1964, be complied with by either party.

The mother does not oppose the request for reasonable visitation rights, but the parties cannot agree as to who shall pay the expenses involved in the father's visitation.

He testified that he cannot afford to travel by air to Florida (he must use this means of travel, he says, in view of the nature of his employment), nor can he afford

to pay the travel expenses for his daughter to come to Richmond to visit him. He maintains that the mother should bear this expense. The mother asserts that the $25.00 per week which the father is paying for support of the child is certainly not enough to adequately support a 12-year-old girl, and that she should not be required to use a portion of that small amount to pay the travel costs for the child to visit with her father in Virginia.

The Court has concluded that the father should have a right to visit with his child and have her visit with him, but that he should pay the actual expenses involved in this visitation, if any expenses are incurred. Very little guidance has been found in the cases because each case must depend upon its particular facts and circumstances, keeping in mind that the welfare of the child is ever paramount in all matters relating to custody and visitation with the parent who does not have custody. In this case, to require the mother to expend additional sums to pay for the child's transportation to Virginia from Florida and return would, in effect, result in a diminution of the amount of support now being paid for the benefit of the child. For cases upon the subject of expense as it relates to the right of visitation, see *Wood* v. *Wood*, (Ariz.) 265 P.2d 778, 781 and 782, and cases cited therein; and *Lotz* v. *Lotz*, (Mich.) 42 N.W.2d 745, 747. See also Nelson, *Divorce and Annulment* (2d ed., 1961 rev. vol.) § 15.25, pages 279 and 280, ftns. 97 and 98.

As to the time of visitation, the Court holds that the father should have the right to visit with the child and to have the child visit with him for a two-week period during the summer school vacation and for a period of one week during the Christmas holidays. It is requested that Mr. Gilmer draw the sketch for the order modifying the prior order relating to visitation in accordance with the views expressed above. It is hoped that the parties can agree on the specific dates for the visitation, which should be set out in the order, but if this cannot be done, counsel may set forth their views by letter at the time the sketch is forwarded to the Court for entry and the Court will decide the exact dates of visitation, if the parties cannot agree thereon. The order should also provide that if the child accompanies her mother

to Richmond at any time that the father should have the right to visit with the child.